IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EARL WAYNE MURPHY, PRO SE, § <br> Potter County ID No. 51131, § <br> Previous TDCJ-CID # 254533 § <br> Previous TDCJ-CID #051270184 § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BRYAN THOMAS ET AL. § <br> § <br> Defendants. § | 2:13-CV-0222 |

**REPORT AND RECOMMENDATION**

Plaintiff EARL WAYNE MURPHY, acting pro se and while a detainee in the Potter County Detention Center, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915.

By his November 21, 2013 Amended Complaint, plaintiff alleges that, on or about October 18, 2013, he was raped and sodomized by defendants BECHTEL and GIBBIONS, employees at the Potter County Detention Center (PCDC) and the remaining defendants did nothing about the incident or they retaliated against him for reporting it.

On March 11, 2014, plaintiff submitted a pleading entitled "Amended Complaint" which did not contain the claims set forth in his November 21, 2013 Amended Complaint and only contained claims of retaliation by other defendants who had not been part of the lawsuit. The March 11, 2014 pleading, however, did not contain any request for relief. The Court issued an

order requiring plaintiff to respond and positively identify his defendants and the claims he is seeking to vindicate, but upon review, and because plaintiff did not request any relief in that March 11, 2014 pleading, that Order now appears to be moot.

The only relief plaintiff has requested in this lawsuit is injunctive relief in the form of a transfer to some other place of incarceration such as Randall County Jail, saying he fears for his life and safety at the PCDC.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

the defendants.

## THE LAW AND ANALYSIS

"The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot" unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over plaintiff's claims for future relief appropriate only if reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").

On April 1, 2014, defendants informed the Court that plaintiff had been transferred to the custody of the Texas Department of Criminal Justice and is presently housed at the Middleton Unit in Abilene, Texas. Defendants attached a page from TDCJ's offender search function on its public website to evidence this fact. Review of TDCJ's online records confirms this. See, http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=01551636, last viewed April 2, 2014.

As argued by each of the defendants who have answered in this suit, the only relief requested by plaintiff is injunctive in nature and is contained in his November 21, 2013 Amended Complaint, in which plaintiff stated, "I request to be moved from here to a different jail Randall Co., Fed., or wherever."

Plaintiff is no longer in the Potter County Detention Center and will no longer come into contact with any of the named defendants. Plaintiff has not alleged or shown there is a

"demonstrated probability" or a "reasonable expectation" that he will be re-incarcerated and confined again in the Potter County Detention Center. Thus, plaintiff's suit which requests only injunctive relief has been rendered MOOT by his transfer and the lawsuit should be DISMISSED.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that all remaining Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff EARL WAYNE MURPHY be DISMISSED AS MOOT.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of April, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).